SCHENCK, J., took no part in the consideration or decision of this case. *Page 839 
This is an action brought by plaintiff against the defendant to recover a certain sum on account of the wrongful conduct of defendant. The plaintiff alleges, in substance, that it was the policy of defendant by advertisement and otherwise to encourage saving by opening a saving department in its bank. That he was desirous of accumulating out of his weekly salary for a particular use $250.00 and from 1/30/34 to 5/12/34 he deposited $250.00 in the saving department. That while he was doing this the defendant wrongfully and deceitfully gave him no notice that it had any claim against him. When he went to draw the money out the defendant wrongfully and unlawfully refused to let him have the amount he had deposited in the saving department, claiming that plaintiff owed defendant the sum of $450.00, and interest, on notes made by plaintiff that it had purchased. That on 24 July, 1925, plaintiff entered into a contract with Wm. I. Phillips Company, a corporation, to purchase Lot 16, in Block 13, subdivision of "Royal Pines," at the price of $600.00, that he paid $150.00 cash and gave three notes for the balance — $150.00 each — payable 26 July, 1926, 1927, and 1928. A deed was made to him for the lot and a deed in trust back to secure the balance. That the notes came into the possession of the defendant with knowledge that the development known as "Royal Pines" was a fraudulent scheme. That defendant took the notes when past due and with notice that plaintiff denied liability on same on account of the fraud perpetrated on him by Wm. I. Phillips Company, the owner of "Royal Pines." That plaintiff was induced to give the notes upon the false and fraudulent representations of Wm. I. Phillips Company, and setting same forth in detail, and by a liberal construction of the complaint charging actionable fraud. That Wm. I. Phillips Company breached its contract with plaintiff. That plaintiff never took possession of the lot, but same was kept by Wm. I. Phillips Company, or its assignees, and that the whole transaction, on account of the fraud of Wm. I. Phillips Company, was invalid. That defendant knew plaintiff's contention that he owed nothing on said notes on account of the fraud. That defendant knew that the notes were claimed to be invalid by plaintiff when it acquired them, and is estopped to set up the notes against his thrift deposit in defendant bank, and prays for damage against defendant for its wrongful and unlawful conduct.
The defendant interposed the following demurrer: "That said complaint does not state facts sufficient to constitute a cause of action against this defendant: (a) For that it appears from said complaint that the defendant applied the plaintiff's deposit mentioned and described in the complaint to an indebtedness which plaintiff owed to the defendant *Page 840 
represented by certain promissory notes, and at the time said application was made and said credit given there was past due and unpaid on said notes a sum largely in excess of plaintiff's deposit, and that defendant had the legal right to so apply said deposit to the payment of said indebtedness, and plaintiff is not entitled to recover from defendant any part thereof. (b) For that it appears from said complaint that the plaintiff is estopped by his conduct from now claiming that the notes mentioned and described in said complaint are not valid and binding obligations against him."
The court below sustained the demurrer, and plaintiff excepted, assigned error, and appealed to the Supreme Court.
The demurrer challenges pleader's right to maintain position in any view, admitting the allegations of the complaint as correct for purpose of demurrer. The complaint is sixteen pages. In the statement of facts we have digested the complaint in part, but, taking it as a whole, we think it sets forth a cause of action. We think the representations of Wm. I. Phillips Company, a corporation, more than promissory. The "Royal Pines" type of real estate scheme, from the allegations of the complaint, seems to be similar to the Laurel Park Estates. The fraud of such a scheme and the law on every aspect is fully set forth in Clark v. Laurel Park Estates,196 N.C. 624.
For the reasons given, the judgment below must be
Reversed.
SCHENCK, J., took no part in the consideration or decision of this case.